# Lawrence Auto Co., Appellant, *v.* Fox.

*Judgment—Rule to open—Written contract—Change of terms—Authority of agent.*

Upon a rule to open a judgment entered upon a judgment note for the price of an automobile, the defendant offered evidence to show that the automobile was purchased upon a contract which the plaintiff, vendor, had not fulfilled. The contract contained a clause to the effect that it should be valid only when signed by an official of the company. The evidence further established that after the contract had been properly executed, by the company, the defendant requested a change, which the company's sales agent then made. The alleged default of the plaintiff company related solely to the provisions thus inserted. *Held:* The clause of the contract requiring the signature of an officer of the company was sufficient to put the purchaser upon notice that the agent had no authority to vary its terms, and evidence of failure to carry out the condition inserted by him was not sufficient to justify opening the judgment.

Argued April 21, 1922. Appeal, No. 124, April T., 1922, by plaintiff, from order of C. P. Lawrence County, Sept. T., 1921, No. 244, making absolute rule to open judgment, in the case of Lawrence Auto Co. v. Clara Fox. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to open judgment entered on judgment note. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The court below made absolute the rule to open judgment. Defendant appealed.

*Error assigned* was the order of the court.

*J. Norman Martin,* of *Martin & Martin,* and with him *Roy M. Jamison,* for appellant.—Defendant was bound by the contract. A judgment is not to be opened simply

because there is a conflict of testimony: Schmitz v. Roberts, 26 Pa. Superior Ct. 478; Duffy v. Kaufman, 18 Pa. Superior Ct. 362.

*Clyde V. Ailey,* for appellee.—A written agreement may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise or undertaking material to the subject matter of the contract, made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it: Potter v. Grimm, 248 Pa. 440; Croyle v. Cambria L. & I. Co., 233 Pa. 310; McCormick, H. M. Co. v. Nicholson, 17 Pa. Superior Ct. 188.

OPINION BY GAWTHROP, J., July 13, 1922:

This is an appeal from an order of the court below making absolute a rule to show cause why a judgment should not be opened and the defendant allowed to make defense. The judgment was entered August 26, 1921, by confession upon a warrant of attorney contained in a note dated April 23, 1921. Defendant, on December 19, 1921, presented her petition to the court below alleging that in April, 1921, plaintiff company, by its agent Matson, solicited her to buy a new Buick touring car; that she told Matson that she would not buy a car at that time because she expected a reduction in prices; that Matson told her that if she would then purchase and a reduction in the price of Buick touring cars became effective on or before July 1, 1921, the company would allow and remit to her the amount of the reduction in price upon the sale price of the 1921 model Buick touring car, which price was $1,930; that induced by these representations, on April 21, 1921, she signed an order or agreement to purchase a 1921 model Buick touring car; that, at the time defendant signed the order, she told Matson that she was unable to read it because she did not have her glasses, and suggested that she would procure her glasses; that Matson told her that the order contained

all the terms agreed upon and thereupon took the order away with him; that, within a day or two, Matson delivered a 1921 model Buick touring car to her and presented a contract in writing as follows:

"Lawrence Automobile Co.        Date, April 20, 1921.
    "Newcastle, Pa.

"You are hereby authorized to enter my order for one 21-45 Buick for which I agree to pay the sum of Nineteen Hundred and Thirty Dollars ($1,930).

"I herewith hand you..........as deposit, that this order may take effect immediately .

"I agree to pay the balance As below Dollars ($.....) and charges for extras, when notified that car is ready for delivery. Notice may be sent by mail to the address given below.

"The cash deposit shall be forfeited as liquidated damages if subsequent payment is not made within fifteen days of notice that the car is ready for delivery.

"Payment of the above deposit, balance and cost of extras, entitles me to a 21-45 Buick Car to be delivered on or about   At once  191...., subject to any delays from causes beyond our control.

"I agree that neither this contract nor any of my rights under it shall be assignable, and that in case of my transferring or assigning this contract or any rights under it, you are to have the privilege of cancelling the order.

"It is mutually agreed that there are no promises, verbal understandings or agreements of any kind pertaining to this order not clearly specified in it.

    "Price of Car F. O. B. New Castle, Pa.
    "Goodrich Silvertown Tires
    "Extras
    "Deposit                                 1930.00

| "Car | Model | Year | Allowance | |
|------|-------|------|-----------|--------|
| "Buick | E-35 | 1918 | 650 | 650.00 |

"Purchaser, Mrs. Clara A. Fox                    Bal. 1280.00

"...................Residence Address

"Cash April 23-21          800

Bal.          480.00

"Remarks: We agree to furnish above 21-45 Buick for the sum of $1280.00 and one used Buick car.

"Car delivered by                    ' Date Car Del.

"Tools and Equipment Checked by          Make of Car

"Car and Equipment received O. K.          Car No.

"Deposit received and order accepted this 21st day of April, 1921.

"Dealer: Lawrence Auto Co.

"Accepted

"Salesman: E. W. Matson.          Per Jas. P. Cope

"This Contract is Valid Only When Signed by an official of the Lawrence Automobile Co";

that defendant read the contract and observed that it did not contain all the terms and conditions agreed upon, and told Matson that she would not accept the car nor make the cash payment of $800 unless it was put in writing in said contract that she was to secure any reduction that might be made on the sale price of Buick touring cars on or before July 1, 1921, whereupon, Matson inserted in the contract with a lead pencil the following: "This 21-45 Car protected against any decline in price until July 1, 1921"; that, thereupon, the note was signed; that, on June 1, 1921, there became effective a reduction of $280 in the price of Buick motor cars similar and of the same type as that purchased by defendant; that she was entitled to a reduction of $280 from the amount of the note.

To the rule to show cause why the judgment should not be opened, plaintiff filed an answer averring that all orders when secured by the agent, Matson, had to be approved by an official of the company before becoming a contract; that, at the time the order was signed, no representations were made to defendant that she would

receive credit or allowance for any reduction in the sale price of motor cars becoming effective July 1, 1921; denying that defendant was unable to see to read the order, and that she did not read it, averring that the provision relating to protection against reduction of price was inserted in the copy by Matson at the time the car was delivered; that it was no part of the original contract, and that there was no consideration for changing the original contract; that the provisions relating to reduction of Buick cars did not refer to the 1921 cars, and that there never was a reduction in the price of 1921 cars.

In making absolute the rule to open the judgment, the court below filed no opinion, and gave no reasons upon which the order was based. In the argument before this court, the appellant took the position, first, that there was no evidence in the court below tending to show any reduction in the price of 1921 models of Buick cars prior to July 1, 1921; that the alteration inserted in the copy of the agreement handed to defendant the day the note was signed, protected defendant only against a decline in the price of 1921 models; and that the only decline in price of Buick cars of this type prior to July 1, 1921, was in the 1922 models; second, that the evidence of fraud, accident or mistake did not measure up to the requirements of evidence necessary to set aside or alter the terms of the note. As we view the case, it is unnecessary to interpret the alteration inserted by Matson in the writing presented to defendant at the time of the execution of the note, because, conceding that the language was broad enough to protect defendant against a reduction in the price of cars of the type she was buying, and we think it is that broad, the provision did not bind plaintiff.

Defendant admitted that when plaintiff's agent produced the car on April 23, 1921, and handed her the agreement, she read it and refused to sign the note until the agent had inserted in the agreement a provision intended to protect her against a reduction in the price of

cars.  The agreement had already been executed by Joseph P. Cope, an official of the company.  It contained at the bottom the following: "This contract is valid only when signed by an official of the Lawrence Automobile Company."  In the face of this provision, defendant procured the agent to make a material alteration in the contract.  In the absence of proof of authority in the agent to make the variation or plaintiff's ratification of the alteration, defendant cannot stand upon the contract as altered.  When the agent presented to her a contract at variance with the contract as she understood it, it was her duty to refuse to accept the car and not to sign the note until and unless the alteration in the contract presented to her was made or ratified by an official of the Lawrence Automobile Company.  If it be conceded that the petitioner and two witnesses supported the allegations of a contemporaneous parol agreement inducing the execution of the order of April 21, 1921, with testimony which measured up to the standard fixed by our Supreme Court as necessary to overcome the documentary proof to which it is opposed, this testimony has no bearing upon the validity of the note in suit and is outside the issue before us.  Under this view of the case, there is nothing to present to a jury in an issue in the court below and the court would be required to direct a verdict for the plaintiff.  In view of the apparent injustice resulting to defendant from the agent's action in this case, it should be observed that an equal injustice would be done to plaintiff if the judgment were opened and defendant permitted to prevail at the trial.  Plaintiff undertook to protect itself against the actions of its agent by providing that no contract should be valid until signed by an official of the company, and that there should be no promises, verbal understandings or agreements of any kind not clearly specified in the written contract.  It did nothing to mislead defendant.  When one of two innocent parties must suffer, the loss should fall upon the one whose negligence caused it.

The order is reversed and the judgment reinstated.